UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL WAYNE STEED,

          Plaintiff,

   v.

MARY SCOTT et al.,

          Defendants.

CASE NO. C12-6058 RBL-JRC

ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL

    The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The District Court's authority for the referral is found in 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

    On January 8, 2013 plaintiff filed a motion asking that the Court appoint counsel to represent him (ECF No. 7). Without waiting for a ruling on that motion, plaintiff has filed a second motion asking for appointment of counsel (ECF No. 15). Both motions are DENIED.

    There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court can request counsel to represent a party, 28 U.S.C. § 1915(e)(1), the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires the Court to evaluate both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has articulated a claim for a violation of his Eighth Amendment right to medical treatment (ECF No. 5). Plaintiff has also stated a claim regarding retaliation (ECF No. 5). Plaintiff has been able to file motions and he is prosecuting his action (ECF No. 10). The Court is not in a position to evaluate the likelihood of success on the merits. Defendants have not answered the complaint nor filed any dispositive motion, although notices of waiver of service were received on January 22, 2013 (ECF No. 12, 13, and 14). An attorney has appeared on the defendants' behalf (ECF No. 9).

The Court denies plaintiff's motions for appointment of counsel because plaintiff appears able to prosecute his action. He is able to articulate his claims, which are not complex. The fact that plaintiff is incarcerated and faces a burden in proceeding with the action does not entitle him to an attorney.

Dated this 6th day of February, 2013.

J. Richard Creatura
United States Magistrate Judge