1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

MICHAEL WAYNE STEED,

                        Plaintiff,

        v.

MARY SCOTT et al.,

                        Defendants.

CASE NO. C12-6058 RBL-JRC

ORDER DENYING PLAINTIFF'S
MOTIONS FOR APPOINTMENT OF
COUNSEL

15

16

17

        The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned

Magistrate Judge. The District Court's authority for the referral is found in 28 U.S.C. §§

636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

18

19

20

        On January 8, 2013 plaintiff filed a motion asking that the Court appoint counsel to

represent him (ECF No. 7). Without waiting for a ruling on that motion, plaintiff has filed a

second motion asking for appointment of counsel (ECF No. 15). Both motions are DENIED.

21

22

23

24

        There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.

Although the Court can request counsel to represent a party, 28 U.S.C. § 1915(e)(1), the Court

may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

1  Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d

2  1089 (9th Cir. 1980). A finding of exceptional circumstances requires the Court to evaluate both

3  the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro

4  se in light of the complexity of the legal issues involved. *Wilborn,* 789 F.2d at 1331.

5        Plaintiff has articulated a claim for a violation of his Eighth Amendment right to medical

6  treatment (ECF No. 5). Plaintiff has also stated a claim regarding retaliation (ECF No. 5).

7  Plaintiff has been able to file motions and he is prosecuting his action (ECF No. 10). The Court

8  is not in a position to evaluate the likelihood of success on the merits. Defendants have not

9  answered the complaint nor filed any dispositive motion, although notices of waiver of service

10  were received on January 22, 2013 (ECF No. 12, 13, and 14). An attorney has appeared on the

11  defendants' behalf (ECF No. 9).

12        The Court denies plaintiff's motions for appointment of counsel because plaintiff appears

13  able to prosecute his action. He is able to articulate his claims, which are not complex.  The fact

14  that plaintiff is incarcerated and faces a burden in proceeding with the action does not entitle him

15  to an attorney.

16        Dated this 6th day of February, 2013.

17

18

19

20  J. Richard Creatura
    United States Magistrate Judge

21

22

23

24

ORDER DENYING PLAINTIFF'S MOTIONS FOR
APPOINTMENT OF COUNSEL - 2