UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL WAYNE STEED,

    Plaintiff,

v.

MARY SCOTT et al.,

    Defendants.

CASE NO. C12-6058 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:

MAY 10, 2013

The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Defendants ask the Court to dismiss this action for failure to exhaust administrative remedies and failure to state a claim (ECF No. 24). Defendants also raise the affirmative defense of qualified immunity (ECF No. 24). The Court recommends granting the motion to dismiss on the grounds that plaintiff failed to exhaust administrative remedies. Plaintiff's response provides

REPORT AND RECOMMENDATION - 1


no factual basis or support for plaintiff's contention that the Pierce County Jail grievance system is ineffective (ECF No. 30).

      A.      Failure to exhaust administrative remedies.

Plaintiff is required by the Prison Litigation Reform Act to exhaust whatever administrative remedies are available to him prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Plaintiff filed this action while incarcerated in the Pierce County Jail and the act applies to him. *See* 42 U.S.C. §1997e(h).

In the Ninth Circuit a motion to dismiss for failure to exhaust is an unenumerated Fed. R. Civ. P. 12(b) motion. *Wyatt v. Terhune,* 315 F.3d 1108 (9th Cir. 2003). Defendants have the initial burden of pleading and proving failure to exhaust. *Wyatt*, 315 F.3d at 1119.

Defendants argue that while plaintiff filed four grievances, he never appealed any of the four responses he received (ECF No. 24, page 7). Defendants have provided information regarding plaintiff's four grievances, none of which were appealed to the final stage (ECF No. 25 Attachment D). Defendants have met their burden of showing that plaintiff failed to exhaust the available administrative remedies. Plaintiff does not contest this assertion.

Once defendants have met their burden of proof the burden shifts to plaintiff to show that the grievance system was unavailable or that his efforts to exhaust were hindered. *Albino v. Baca*, 697 F.3d, 1023, 1032 (9th Cir. 2012). Plaintiff argues that the grievance system is inadequate or futile, but other than raising the claim, plaintiff provides the Court with no

1 information supporting his argument (ECF No. 30). Plaintiff also argues that the motion should
2 be denied because he has not been provided with discovery. Plaintiff's argument regarding
3 discovery misses the mark. Plaintiff may not file his action until he has exhausted the grievance
4 process. The Court recommends that Defendants' motion to dismiss be granted and that this
5 action be dismissed without prejudice for failure to exhaust administrative remedies.

6 Defendants also raise failure to state a claim and qualified immunity as alternative basis
7 for dismissal of this action (ECF No. 24). Defendants submitted evidence outside the pleadings
8 in their statement of material facts (ECF No. 24 and 25). Defendants then ask the Court to
9 consider plaintiff's correspondence with prison officials and medical screening information (ECF
10 No. 24, page 12).

11 Fed. R. Civ. P. 12 (d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

15 The Court declines to go outside the pleadings and will not consider defendants' motion
16 to dismiss based on failure to state a claim or qualified immunity. It is not necessary for the
17 Court to consider these arguments given the Report and Recommendation to dismiss for failure
18 to exhaust administrative remedies.

19 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
20 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
21 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
22 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May
2  10, 2013, as noted in the caption.

    Dated this 12th day of April, 2013.

                                  J. Richard Creatura
                                  United States Magistrate Judge